UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| TELLIGENIX CORPORATION, ) | Case No. 6:09-bk-15238-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| CARLA P. MUSSELMAN, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 6:11-ap-00262 |
| vs. ) | |
| ) | |
| ALLEN & VELLONE, P.C., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION
DENYING DEFENDANT
INTERNAL REVENUE SERVICE'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

The United States Internal Revenue Service (IRS) is a defendant in this preference avoidance action brought by the Chapter 7 Trustee Carla Musselman pursuant to Bankruptcy Code § 547(b).[1] The IRS filed a proof of claim in this case, indicating it holds a secured claim in of approximately $3.8 million, encompassed within a total claim of approximately $7.35 million. In this adversary proceeding, the Chapter 7 trustee seeks to avoid a tax lien the IRS filed with the Florida Secretary of State on July 14, 2009.

The IRS moved for judgment on the pleadings,[2] arguing the facts alleged in the complaint establish the tax lien was perfected against debtor's property pre-petition and, therefore, is not avoidable pursuant to § 547(c)(6). The trustee responded,[3] arguing the IRS's lien *is* avoidable because, although the lien admittedly is a statutory lien that was perfected as to Dynetech Corporation, an entity that merged into debtor shortly before this bankruptcy case was filed, the

---

[1] Doc. No. 1, Count III. All citations to the Bankruptcy Code are to Title 11 of the U.S. Code.
[2] Doc. No. 27.

IRS had *not* perfected the lien as to debtor, Telligenix Corporation, a new entity formed just a few days prior to the petition date. Because the lien would not be enforceable against a bona fide purchaser of debtor (Telligenix) on the petition date, the trustee argues she can avoid the improperly perfected lien pursuant to §§ 547 and 545(2).

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[4] Bankruptcy Rule 7012 incorporates Rule 12(c) of the Federal Rules of Civil Procedure into adversary proceedings.[5]

Judgment on the pleadings is appropriate when there are no material facts in dispute and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.[6] If "matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ."[7] However, attachments to pleadings may be considered without converting the motion into one for summary judgment.[8]

The following facts are not in dispute. The IRS perfected its statutory lien against Dynetech Corporation on July 14, 2009, by filing a Notice of Federal Tax Lien with the Florida Secretary of State.[9] On October 1, 2009, Dynetech and several other entities were merged into debtor, a newly created company called Tellegenix Corporation. All property of Dynetech was vested in debtor, and debtor assumed all liabilities of Dynetech as of October 5, 2009. On October 8, 2009, less than ninety days after the IRS perfected the lien against Dynetech, debtor filed its Chapter 11 petition.

---

[3] Doc. No. 30.
[4] Fed. R. Civ. P. 12(c).
[5] Fed. R. Bankr. P. 7012.
[6] *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir.2002) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998)).
[7] Fed. R. Civ. P. 12(c).
[8] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).
[9] While the allegations of the Complaint state the IRS's security interest in debtor's property was perfected on July 14, 2009, the Notice of Federal Tax Lien attached to the Complaint identifies the Taxpayer as Dynetech Corporation, not debtor. Doc. No. 1 ¶¶ 35-44 & Exhibit 2.

Generally, a trustee may avoid as a preference a lien that attaches to debtor's property within ninety days of the petition date.[10] Properly perfected statutory liens however generally are not avoidable, even if recorded with the 90 day reach back period.[11] Here, the trustee asserts the IRS statutory lien was not properly perfected because the lien listed Dynetech, not Telligenix and, as such, the lien is avoidable under § 545 providing statutory liens that are "not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists . . . ."[12]

In this case, the undisputed facts do not demonstrate that the IRS's statutory lien was properly perfected or enforceable on the date of the petition against a hypothetical bona fide purchaser of debtor. The Notice of Federal Tax Lien attached to the Complaint demonstrates (and the trustee concedes) that the IRS's lien was perfected *as to Dynetech*, an entity that merged into debtor on October 1, 2009 seven days before this Chapter 11 case was filed. There are no facts demonstrating the IRS filed a Notice of Federal Tax Lien with the Florida Secretary of State or otherwise perfected its security interest as to debtor Telligenix. Neither do the undisputed facts demonstrate that the IRS's lien would be enforceable against a bona fide purchaser of debtor on the petition date.

Resolution of the § 545 inquiry—whether the IRS's statutory lien was perfected or otherwise enforceable on the petition date against a hypothetical bona fide purchaser of debtor— requires examination of facts not yet before this Court. For this reason, judgment as a matter of law relying solely on the complaint and attached exhibits is denied.

DONE AND ORDERED in Orlando, Florida, on August 1, 2012.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[10] §547(b).
[11] §547(c)(6).
[12] §545(2).